16-4128-ag
*Triumph Constr. Corp. v. Sec'y of Labor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
           DENNY CHIN,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TRIUMPH CONSTRUCTION CORPORATION,
                *Petitioner-Appellant*,

           v.                                        16-4128-ag

SECRETARY OF LABOR,
                *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:         JASON R. FINKELSTEIN (Brian L. Gardner, *on the brief*), Cole Schotz, P.C., New York, New York.

FOR RESPONDENT-APPELLEE:          A. SCOTT HECKER, Attorney (Nicholas C. Geale, Acting Solicitor of Labor; Ann S.

Rosenthal, Associate Solicitor of Labor; Heather R. Phillips, Counsel for Appellate Litigation, *on the brief*), United States Department of Labor, Washington, D.C.

Petition for review of a final order of the Occupational Safety and Health Review Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Triumph Construction Corporation ("Triumph") petitions for review of a September 7, 2016, decision and order of the administrative law judge (the "ALJ"), which subsequently became a final order of the Occupational Safety and Health Review Commission (the "Commission"), affirming a citation issued to Triumph by the Occupational Safety and Health Administration ("OSHA") for a repeat violation of an excavation standard and assessing a penalty of $25,000. *Triumph Constr. Corp.*, 26 BNA OSHC 1331 (No. 15-0634, 2016), 2016 WL 6472834. Triumph contends that the Commission improperly shifted the burden of proof to Triumph and improperly classified the violation as a repeat violation. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On August 22, 2014, an employee of Triumph, the general contractor for a public construction project to replace certain water mains, was injured in a cave-in at an excavation site in lower Manhattan. An OSHA officer inspected the excavation site that

afternoon.  On February 13, 2015, OSHA issued Triumph a citation for a repeat violation

of 29 C.F.R. § 1926.652(a)(1), which provides in relevant part:

> Each employee in an excavation shall be protected from cave-ins by an adequate protective system designed in accordance with . . . this section except when:
>
> > (i)     Excavations are made entirely in stable rock; or
> >
> > (ii)    Excavations are less than 5 feet (1.52m) in depth and examination of the ground by a competent person provides no indication of a potential cave-in.

The citation was classified as a repeat violation based on two previous citations issued

to Triumph for violating the same excavation standard: the first in 2009 and the second

in 2011.

Triumph contested the February 13, 2015, citation, and a formal

evidentiary hearing was conducted before an ALJ (Coleman, *A.L.J.*) on January 5, 6, and

21, 2016.  In a September 7, 2016, decision and order, the ALJ affirmed the citation for a

repeat violation, concluding that a preponderance of the evidence established that

Triumph violated the excavation standard and that the violation was a repeat one.[1]

Because the Commission did not grant discretionary review, the decision and order

became a final order of the Commission on October 20, 2016.  Triumph petitions for

review.

---

[1]     The decision and order also vacated a second citation issued to Triumph by OSHA for a serious violation of 29 C.F.R. § 1926.651(j)(1).  The second citation is not at issue in this appeal.

We set aside an order by the Commission if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see Solis v. Loretto-Oswego Residential Health Care Facility*, 692 F.3d 65, 73 (2d Cir. 2012). We uphold factual findings if they are "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 660(a); *see Solis*, 692 F.3d at 73. We review legal conclusions *de novo*, deferring as appropriate to the Secretary's reasonable interpretation of the Occupational Health and Safety Act (the "Act"). *Solis*, 692 F.3d at 73.

### I.      Burden of Proof

First, Triumph contends that the Commission improperly shifted the burden of proof to Triumph by drawing an adverse inference from Triumph's failure to produce a particular witness -- site foreman Augustin Formoso -- during the hearing.

Although the Secretary bears the burden of proving an OSHA violation by a preponderance of the evidence, *see New York State Elec. & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 105, 107 (2d Cir. 1996), the "party claiming the benefit of such an exception must demonstrate its applicability," *New York Univ. Med. Ctr. v. N.L.R.B.*, 156 F.3d 405, 413 (2d Cir. 1998). The excavation standard at 29 C.F.R. § 1926.652(a)(1) "applies to *any* excavation, unless the employer shows that the excavation meets one of two exceptions." *Bardav, Inc.*, 24 BNA OSHC 2105 (No. 10-1055, 2014), 2014 WL 5025977, at *4 (emphasis original). One of the two exceptions is relevant here: the exception for excavations less than five feet deep. 29 C.F.R. § 1926.652(a)(1)(ii).

We conclude that the ALJ did not impermissibly shift the burden of proof. First, the ALJ properly placed the burden of proof on Triumph to demonstrate that its site fell within the exception for excavations less than five feet deep under 29 C.F.R. § 1926.652(a)(1)(ii). It was in the context of Triumph's argument that "the area in the excavation where [the injured worker] was working was shallower than five feet," Sp. App. 26, that the ALJ considered Triumph's failure to present Formoso's testimony. The ALJ relied on the missing testimony as one of several factors to evaluate the credibility of one of Triumph's testifying witnesses.[2] Second, the depth of the excavation was not an issue that turned on which party bore the burden of proof. The great weight of evidence established that the excavation was more than five feet deep, including (1) empirical measurements taken by OSHA recording depths of 64, 68, and 70 inches at the site, (2) the testimony of the injured worker, and (3) the testimony of the city's inspector.

## II. Look Back Period

Next, Triumph notes that the Commission has a policy of using a three-year look back period to determine a repeat violation, and argues that here the

---

[2]     The ALJ properly placed the burden of proof on the Secretary to establish that Triumph violated 29 C.F.R. § 1926.652(a)(1) by demonstrating "by a preponderance of the evidence that: (1) the cited standard applies; (2) the terms of the standard were violated; (3) the employer knew, or with the exercise of reasonable diligence could have known, of the violative condition; and (4) one or more employees had access to the cited condition." Sp. App. 15; *see New York State Elec. & Gas Corp.*, 88 F.3d at 105.

Commission failed to provide a reasoned explanation for relying on previous violations more than three years old.

The Act authorizes an enhanced civil penalty against any employer who "repeatedly violates . . . any standard" promulgated pursuant to the Act. 29 U.S.C. § 666(a).[3] Neither the Act nor OSHA's implementing regulations prescribe any temporal limits for determining whether a violation is repeated. In arguing that the Commission arbitrarily departed from its own policy, Triumph contends that the OSHA Field Operations Manual ("Manual"), dated April 22, 2011, was in effect at the time of the February 13, 2015, citation and dictates a three-year look back period for assessing repeat violations -- not the five-year period relied on by the Commission.[4] The relevant language in the Manual provides as follows:

> Although there are no statutory limitations on the length of time that a prior citation was issued as a basis for a repeated violation, the following policy shall generally be followed.
>
> A citation will be issued as a repeated violation if . . . [t]he citation is issued within 3 years of the final order date of the

---

[3]     29 U.S.C. § 666(a) provides as follows:

Any employer who willfully or repeatedly violates the requirements of section 654 of this title, any standard, rule, or order promulgated pursuant to section 655 of this title, or regulations prescribed pursuant to this chapter may be assessed a civil penalty of not more than $70,000 for each violation, but not less than $5,000 for each willful violation.

[4]     The Commission increased its look back period from three years to five years, but the parties dispute whether the change took place in October 2010 or in October 2015 -- in other words, before or after Triumph's February 13, 2015, citation. We need not resolve that dispute, however, because we uphold the Commission's decision even assuming, as Triumph argues, that the three-year period applies.

previous citation or within 3 years of the final abatement date, whichever is later.

Joint App. 653.

We conclude that the Commission did not abuse its discretion by relying on previous violations more than three years old, because neither the Manual nor the Commission's precedent limits OSHA to a three-year look back period. The Manual explicitly notes that "there are no statutory limitations on the length of time that a prior citation was issued as a basis for a repeated violation" and describes a policy that "shall *generally* be followed." Joint App. 653 (emphasis added). The Manual is "only a guide for OSHA personnel to promote efficiency and uniformity, [is] not binding on OSHA or the Commission, and [does] not create any substantive rights for employers." *Hackensack Steel Corp.*, 20 BNA OSHC 1387 (No. 97-0755, 2003), 2003 WL 22232017, at *7. Moreover, the Commission's precedents establish that "the time between violations does not bear on whether a violation is repeated." *Hubbard Constr. Co.*, 24 BNA OSHC 1689 (No. 11-3022, 2013), 2013 WL 1942202, at *11 (citation and internal quotation marks omitted); *accord J.C. Stucco & Stone, Inc.*, 26 BNA OSHC 1382 (Nos. 14-1558 and 15-0342, 2016), 2016 WL 7363932, at *19 & n.53 (upholding a repeat violation based on a previous violation more than three years old, and noting that the three-year limit for repeated violations in the Manual "is not binding on the Commission"); *Active Oil Serv., Inc.*, 21 BNA OSHC 1184 (No. 00-0553, 2005), 2005 WL 3934873, at *6.

We have considered all of Triumph's arguments, and conclude that its

petition for review is without merit.  Accordingly, we **DENY** the petition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk